UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-474-F

| | |
|---|---|
| RENEE JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S RESPONSE TO** |
| vs. ) | **DEFENDANTS' MOTION FOR** |
| ) | **PARTIAL JUDGMENT ON** |
| BROCK & SCOTT, PLLC, ) | **THE PLEADINGS** |
| CHANNEL GROUP, LLC, AND ) | |
| COMPREHENSIVE LEGAL ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Renee Johnson[1] ("Plaintiff"), hereby submits this response to the motion for partial judgment on the pleadings filed by Defendants Brock & Scott, PLLC, ("B&S"), Channel Group, LLC, ("Channel"), and Comprehensive Legal Solutions, Inc. ("CLS"), (collectively, "Defendants"). In support thereof, Plaintiff respectfully states as follows:

## I. INTRODUCTION.

Plaintiff's operative complaint asserts violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq*. (Doc. 12). Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt (Doc. 12 at Count I); 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false (Doc. 12 at Count II); 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

---

[1] Plaintiff's full name is Amanda Renee Johnson. Should the Court require and allow, Plaintiff will amend the complaint to reflect this, or otherwise, Plaintiff would request that the caption be amended to reflect Plaintiff's full name.

1

consumer (Doc. 12 at Count III); 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect any debt (Doc. 12 at Count IV); N.C. Gen. Stat. § 75-54 by collecting or attempting to collect a debt or obtaining information concerning a consumer by any fraudulent, deceptive or misleading representation (Doc. 12 at Count V); and N.C. Gen. Stat. § 75-54(4) by falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding, or falsely representing the creditor's rights or intentions (Doc. 12 at Count VI). Defendants' motion seeks judgment on the pleadings with respect to counts one, three, four, and part of count five of Plaintiff's complaint. Defendants' motion does not seek to dismiss counts two, a part of count five, or count six.

## II. STANDARD OF REVIEW.

"A motion for judgment on the pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is decided under the same standard applied to Rule 12(b)(6) motions." *Lewis v. Microsoft Corp.*, 410 F. Supp. 2d 432, 435 (E.D.N.C. 2006) (citing *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)); *Tolbert v. Stevenson*, 635 F.3d 646, 655, n.9 (4th Cir. 2011) ("the standards for judgment on the pleadings are identical to the standards for a motion to dismiss.") (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

In considering a motion to dismiss, or for judgment on the pleadings, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

"Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). When considering a motion under Rule 12(b)(6) or Rule 12(c), the Court "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Lewis*, 410 F. Supp. 2d at 435 (quoting *Edwards*, 178 F.3d at 243).

## III. STATEMENT OF FACTS.

### A. The Parties.

Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due CLS. (Doc. 12, ¶12). Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due CLS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. (Doc. 12, ¶13). Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). (Doc. 12, ¶5).

B&S is an entity which all relevant times was engaged, itself and on behalf of Channel or CLS, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5). (Doc. 12, ¶6). Channel and CLS are entities who acquire debt in default merely for collection purposes, and who, at relevant times, were engaged in the business of attempting to collect a debt from Plaintiff. (Doc. 12, ¶¶8, 10). Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6). (Doc. 12, ¶¶7, 9, 11).

### B. Defendants' Debt Collection Conduct.

In connection with collection of an alleged debt, on September 1, 2009, B&S, itself and on behalf of Channel, filed a complaint against Plaintiff under case number 2009-cvd-01-7475 in which B&S, itself and on behalf of Channel, alleged that Plaintiff owed a debt to Channel. (Doc. 12, ¶23). On October 23, 2009, Channel sold and assigned its interest in Plaintiff's alleged debt to CLS. (Doc. 12, ¶¶19, 37) Plaintiff did not receive notice of the lawsuit. (Doc. 12, ¶¶24-28, 36).

In September 2009, Plaintiff contacted the original creditor, Chase Bank, in effort to set up payment arrangements on the alleged debt, who directed Plaintiff to contact B&S. (Doc. 12, ¶¶29-31). On September 11, 2009, Plaintiff called B&S, who accepted a payment of $25.00, but did not mention the pending lawsuit. (Doc. 12, ¶¶32, 34). B&S instructed Plaintiff to call back to arrange a payment schedule, and when Plaintiff did so, B&S told Plaintiff that it no longer had her file. (Doc. 12, ¶¶33, 35).

On June 22, 2010, B&S, itself and on behalf of CLS, filed a motion for summary judgment, and stated that no genuine issue of material fact existed between the parties as evidenced by Plaintiff's payment to B&S in September 2009. (Doc. 12, ¶¶38-39). On August 13, 2010, judgment was entered against Plaintiff in case number 2009-cvd-01-7475. (Doc. 12, ¶40).

On January 5, 2011, Plaintiff for the first time became aware of the lawsuit filed and judgment entered against her. (Doc. 12, ¶41). On January 27, 2011, Plaintiff called B&S in order to obtain information about the alleged debt, and provided B&S with her full name and social security number, as well as the case name and case number. (Doc. 12, ¶¶44-45). At that time, B&S was unable to locate any judgment against Plaintiff in its files and stated that Plaintiff did not owe Defendants any money. (Doc. 12, ¶¶45-46). B&S, itself and on behalf of Defendants, sent Plaintiff written correspondence dated January 27, 2011, in which B&S stated, in relevant part: "Our records indicate that we do not have a Judgment filed for Amanda R. Johnson, last 4 of SSN# 8669 for our client with Docket #2009-CVD-01-7475." (Doc. 12, ¶47). In April and May 2011, B&S, itself and on behalf of Channel and/or CLS, continued collection activity on Plaintiff's alleged debt, including by soliciting a settlement offer from Plaintiff by and through communications with Plaintiff's counsel. (Doc. 12, ¶¶50-52).

## IV. DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1692e(2)(A).

The FDCPA at 15 U.S.C. § 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (2) The false representation of-
>
> (a) the character, amount, or legal status of any debt.

15 U.S.C. § 1692e(2)(A).

The test for deception under section 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996) (refusing to "adopt a hyper-literal approach which ignores the ordinary connotations and implications of language as it is used in the real world").

Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *See McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *Forsberg v. Fidelity Nat. Credit Services, Ltd.*, 2004 WL 3510771, at *5 (S.D. Cal. 2004); *Rosa v. Gaynor*, 784 F. Supp. 1, at *12 (D. Conn. 1989). The failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous. *See Simeon Management Corp. v. FTC.*, 579 F.2d 1137 (9th Cir. 1998).

Plaintiff's complaint alleges that Defendants violated section 1692e(2)(A) by misrepresenting the character, amount, or legal status of Plaintiff's debt by stating to Plaintiff, both verbally and in its January 27, 2011 correspondence, that no judgment had been obtained against Plaintiff. (Doc. 12, ¶¶56-57). In the alternative, Plaintiff alleges that Defendants violated section 1692e(2)(A) by attempting to collect a debt not owed, where there was no valid judgment entered against Plaintiff at the time. (Doc. 12, ¶58).

### A.  Plaintiff's Alternative Claim Under Section 1692e(2)(A) Is Properly Pleaded.

#### 1.  The Federal Rules Allow Pleading Alternative Or Inconsistent Claims.

Defendant argues that the latter of these two alternative claims should be dismissed because Plaintiff alleged in her complaint that the court entered judgment against Plaintiff (Doc. 12, ¶40). However, a complaint "may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Plaintiff's complaint may properly "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); *see Jenkins v. N. Am. Van Lines, Inc.*, 46 F.3d 1124, at *6, n.8 (4th Cir. 1995). Thus, merely because the two claims are set out

alternatively, and may be inconsistent when taken together, that is not a basis for dismissing either claim.

### 2. *Rooker-Feldman* Does Not Bar Plaintiff's Claim.

As explained by the Supreme Court, the *Rooker-Feldman* doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (internal alternation omitted). "*Exxon* teaches . . . that the *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Where a federal "suit does not challenge the state court's decision, and it instead seeks redress for an injury allegedly caused by [the adverse party], the *Rooker-Feldman* doctrine does not apply." *Id.*

"[W]hen a debtor brings an action under the FDCPA, the action does not challenge the state court judgment itself, but rather challenges the debt collection practices that led to the judgment." *Druther v. Hamilton*, 75 Fed. R. Serv. 3d 316 (W.D. Wash. 2009) (citing *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006); *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005)). This Court has recognized that FDCPA cases are not barred by *Rooker-Feldman* where "the plaintiffs were pursuing claims independent from the state-court judgments under a statute specifically created to police debt collection practices." *Moore v. Idealease of Wilmington*, 465 F. Supp. 2d 484, 490 (E.D.N.C. 2006) (discussing *Todd* and *Senftle*).

This is consistent with the purpose of the FDCPA, which "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. GC Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *see also McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). In this case, Plaintiff's complaint does not seek relief from the state court's judgment, nor does Plaintiff claim any injury resulting from the court having entered any judgment. Rather, Plaintiff seeks recovery for an injury caused by the conduct of defendants—claims that would exist independently of any decision made by the state court. If there was a judgment entered, then Defendants' false representation that there was no judgment forms the basis of Plaintiff's claim. If there was no judgment entered, as B&S stated, then Defendants' continued collection efforts on a debt not owed form the basis of Plaintiff's claim. This Court is not being requested to overturn any judgment, or grant any relief that would undo the judgment—it need merely find whether a judgment was entered. Therefore, the *Rooker-Feldman* doctrine is inapplicable.

**B.  Plaintiff's Other Claim Under Section 1692e(2)(A) Is Properly Pleaded.**

Defendants argue two additional bases why Plaintiff's section 1692e(2)(A) claim should be dismissed—neither of which are persuasive. First, Defendants argue that the letter is not false because it refers to "Amanda R. Johnson," and not "Renee Johnson" as Plaintiff's name appears in the caption of the state case and in this case. However, Plaintiff is "Amanda R. Johnson," *see* footnote 1, *supra*. In addition, the letter also stated that no judgment existed with respect to the (correct) case number provided, or with respect to Plaintiff's social security number. (Doc. 12, ¶47; Doc 12-1). Even if the letter was not found to be false or misleading on this basis, Plaintiff's claim is also based on the verbal communication that took place between Plaintiff and B&S, where B&S told Plaintiff she did not owe a debt and no judgment was entered against her. (Doc. 12, ¶¶46, 56-57). Second, Defendants argue that the letter does not fall within the scope of

the FDCPA as a communication made "in connection with the collection of a debt." This argument too is unavailing, as discussed below.

"The text of § 1692e makes clear that, to be actionable, a communication need not itself be a collection attempt; it need only be 'connect[ed]' with one." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). "[T]he absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt. The nature of the parties' relationship is also relevant." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010) (discussing *Ruth v. Triumph Partnerships*, 577 F.3d 790, 799 (7th Cir. 2009), which found it significant "that '[t]he only relationship the defendants had with the plaintiffs arose out of ... the plaintiffs' defaulted debt.'"). "The nature of the parties' relationship . . . weighs in favor of a finding that a communication was made 'in connection with' the collection of a debt when the only relationship the defendant has with the plaintiff arises out of the plaintiff's defaulted debt." *McDermott v. Randall S. Miller & Associates, P.C.*, --- F. Supp. 2d ----, 2011 WL 6116217 (E.D. Mich. Dec. 8, 2011) (citing *Gburek*, 614 F.3d at 385); *see also Russell v. Goldman Roth Acquisitions, LLC*, --- F. Supp. 2d ----, 2012 WL 762906, at *6 (W.D. Mich. Mar. 12, 2012) ("while an explicit demand for payment is sufficient to show such a connection, it is not necessary and in fact 'is just one of several factors that come into play in [this] commonsense inquiry.' Also relevant is '[t]he nature of the parties' relationship' and 'the purpose and context of the communications,'") (citing *Gburek*, 614 F.3d at 385).

In this case, the only relationship between the parties is that of debtor and debt collector. As such, the presumptive purpose of any communication between the parties is one in connection with the collection of a debt. Also important is the context in which the communication took place. Plaintiff had contacted B&S to obtain information about the debt and to make payment arrangements on the debt. (Doc. 12, ¶44). Although B&S did not demand

payment in the correspondence—where instead B&S stated Plaintiff was under no obligation to make payments—this statement is still "in connection with" Plaintiff's debt as it provides (false) information about the debt and whether the debt is owed. B&S's statement had an adverse effect on Plaintiff immediately relevant to the debt because Plaintiff relied on B&S's misrepresentation to her detriment. Specifically, in response to B&S's statement that nothing was owed, Plaintiff did not make a payment on the debt, which caused Plaintiff damage in the form of accrued interest on the debt. "There are numerous and ingenious ways of circumventing [the FDCPA] under a cover of a technical compliance." *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 485 (4th Cir. 1991). Where the debt collector "has devised one such way . . . to uphold it would strip the statute of its meaning." *Id.*

Notwithstanding that dismissal is inappropriate for Plaintiff's section 1692e claim based on Defendants' January 27, 2011 correspondence to Plaintiff, Defendant's verbal communications to Plaintiff during the phone call on January 27, 2011 also form the basis of Plaintiff's section 1692e claim. The facts surrounding this call are not fully developed before the court and it would be inappropriate to enter judgment based only on the pleadings.

V. **DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1692e(10).**

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within such prohibited conduct. Section 1692e also includes a catch-all provision, prohibiting generally "[t]he use of any false representation or deceptive means to collect or attempt to collect any debtor to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

The Federal Trade Commission's commentary on the FDCPA recognizes:

> Prohibited actions are not limited to the sixteen subsections listed as examples of activities that violate this provision. In addition, section

> 807(10), which prohibits the "use of any false representation or deceptive means" by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections.

FTC Official Staff Commentary at § 807, 1, *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#807.

Thus, a debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by section 1692e. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a general standard affording courts the ability to proscribe conduct not specifically addressed in section 1692e. S. Rep. No. 382, 95th Cong. at 4 ("this bill prohibits in general terms any harassing unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.").

Defendant's conduct, in addition to violating section 1692e(2)(A), also violate the FDCPA's catch-all provision prohibiting false representations used in debt collection generally. For the same reasons as those described above, judgment on the pleadings is not appropriate with respect to Plaintiff's claim under section 1692e(10).

## VI.   DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1692f.

The FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Aside from the examples of violations provided within Section 1692f, the FDCPA does not purport to define what is meant by 'unfair' or 'unconscionable.' " *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010). Importantly, the listing of the eight specific violations was not intended to limit the applicability of the Act's general prohibition of "unfair or unconscionable" behavior.

11

15 U.S.C. § 1692f (listing certain violative conduct "[w]ithout limiting the general application of the foregoing").

In enacting section 1692f, Congress employed general language to "enable the courts, where appropriate, to proscribe . . . improper conduct which is not specifically addressed." S. Rep. No. 95-832, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1698. In other words, section 1692f "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001). Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996), citing *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1461, n. 10 (C.D. Cal. 1991). Overarching themes relating to the term unconscionable have been depicted as the prevention of oppression and unfair surprise, as well as one-sidedness and simple fairness. *See, e.g., Fotomat Corp. of Fla. v. Chanda*, 464 So. 2d 626, 629 (Fla. App. 5th Dist. 1985); *Wille v. Southwestern Bell Tel. Co.*, 549 P.2d 903, 906-07 (Kan. 1976); *Schroeder v. Fageol Motors*, 544 P.2d 20, 23 (Wash. 1975).

Defendants claim that because its conduct is captured by section 1692e, that Plaintiff can have no claim for violations of section 1692f. First, as explained above, Plaintiff's complaint may plead alternative or inconsistent claims. Fed. R. Civ. P. 8(d). But the claim is not pleaded in the alternative, nor is it inconsistent, because the same conduct may form the basis of multiple FDCPA violations. Given its remedial nature, and to ensure the protection of consumers, the various sections of the FDCPA tend to overlap. *See Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 815 (M.D.N.C. 2011) (recognizing the FDCPA is a remedial statute and therefore should be liberally construed in favor of the consumer). As an intended result, the same conduct may violate multiple provisions. For this reason, "it is not unusual for an action to violate more than one FDCPA provision." *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507,

12

1516, n. 10 (9th Cir. 1994) (citing FTC Official Staff Commentary on the FDCPA, 53 Fed. Reg. at 50,109, *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.htm ("In many cases several different sections or subsections of the FDCPA may apply to a given factual situation. This results from the effort by Congress in drafting the FDCPA to be both explicit and comprehensive, in order to limit the opportunities for debt collectors to evade the underlying legislative intention.")).

In addition, whether a debt collector's conduct "constitutes an 'unfair or unconscionable means to ... attempt to collect a debt' for purposes of § 1692f presents a jury question." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1201 (11th Cir. 2010); *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (holding whether a debt collector's conduct violates section 1692f is generally a question of fact: "The intended recipients of dunning letters are not federal judges, and judges are not experts in the knowledge and understanding of unsophisticated consumers facing demands by debt collectors."); *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) ("the requisite inquiries under § 1692e and § 1692f are necessarily fact-bound"); *Savage v. Hatcher*, 109 Fed. Appx. 759, 761-62 (6th Cir. 2004) (finding summary judgment inappropriate with respect to a plaintiff's claims that a debt collector "used unfair or unconscionable means to collect or attempt to collect any debt"); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116-17 (C.D. Cal. 2005) (same); *Fox v. CitiCorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir. 1994) ("A jury could rationally find the [debt collector's conduct] to constitute an unfair or unconscionable means of collection or attempted collection of a debt under section 1692f.").

In this matter, Plaintiff's complaint properly alleges that Defendants used unfair or unconscionable means to collect a debt. A reasonable trier of fact may conclude that Defendants used unfair or unconscionable means in obtaining a judgment against Plaintiff, later stating to

13

Plaintiff that no judgment was entered and that she does not owe a debt, and then subsequently attempting to collect the same debt after additional interest has accrued on the debt.

## VII. DEFENDANTS ARE NOT ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CLAIMS UNDER N.C. GEN. STAT. § 75-54.

Similar to the FDCPA at section 1692e, the NCDCA generally prohibits a debt collector from "collect[ing] or attempt[ing] to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation." N.C. Gen. Stat § 75-54. The NCDCA is "patterned after the FDCPA." *McWirther v. Telecheck Services, Inc.*, 3:99CV216MU, 1999 WL 33261239, at *3 (W.D.N.C. Dec. 1, 1999).

Plaintiff's complaint alleges that Defendants violated this section 75-54, including, but not limited to, by (1) telling Plaintiff in September 2009 that she would have to call back to obtain a payment arrangement, and when Plaintiff called back, telling Plaintiff they no longer had an account for Plaintiff; (2) failing to provide Plaintiff with notice of the lawsuit filed against her and moving for summary judgment without having served Plaintiff, but an unknown third party; and (3) telling Plaintiff in January 2011 that there was no judgment entered against Plaintiff and that she did not owe Defendants any money.

Defendants argue that the claims based on the second and third fact patterns should be dismissed. Defendants do not move for judgment based on the first fact pattern. However, the third fact pattern is substantially similar to the first fact pattern. Defendants focus on the choice of language in the complaint and argue that Plaintiff was not "prevented" from making payments on the debt. While it may be the case that it was logically possible for Plaintiff to have made a payment on the debt, an unsophisticated consumer would not have known to do so, and even a reasonable consumer would not make a payment on a debt when told by the debt collector that the consumer has no obligation to do so. *See United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131, 136 (4th Cir. 1996) (holding the "least sophisticated consumer" standard applies in

14

interpreting the actions of a debt collector under the FDCPA, which "protects all consumers, the gullible as well as the shrewd"). Similarly to Plaintiff's claim under 15 U.S.C. 1692e, Defendants' misrepresentation is actionable, and the claim should not be dismissed on the pleadings.

Defendants argue that Plaintiff's section 75-54 claim based on the second fact pattern is barred by *Rooker-Feldman* and collateral estoppel. For the reasons explained *supra*, *Rooker-Feldman* is not applicable here, though principles of preclusion would apply. "[T]he doctrine of collateral estoppel, or issue preclusion, is established when (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue." *Georgia-Pac. Consumer Products LP v. Von Drehle Corp.*, --- F. Supp. 2d ----, 2012 WL 1353545 (E.D.N.C. Mar. 27, 2012). The burden is on the party seeking to rely on the doctrine to establish these five elements. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006).

As the parties relying on issue preclusion, Defendants have the burden to show the existence of all five elements. However, Defendants have failed to show that the issue sought to be precluded is identical to one previously litigated. Whether Defendants used any fraudulent, deceptive or misleading representations has not been litigated previously. The issue of whether Plaintiff was properly served has not been either. Defendants have failed to show that the issue was actually determined in a prior proceeding, or that the issue's determination was a critical and necessary part of any decision of the court in the prior proceeding. In addition, Defendants have failed to show that Plaintiff had a full and fair opportunity to litigate the issue. Because Plaintiff did not receive notice of the litigation (Doc. 12, ¶¶24-28, 36, 41), there was no opportunity afforded to litigate any issue in the prior proceeding.

WHEREFORE, Plaintiff respectfully requests the Court to deny Defendants' motion for partial judgment on the pleadings.

Dated this 7th day of May, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of North Carolina, Western Division using the electronic case filing system of the court, which shall send notification of such filing to the following:

Richard Jackson
Brock and Scott, PLLC
1315 Westbrook Plaza Drive
Winston Salem, NC 27103
Richard.Jackson@brockandscott.com
Attorney for Defendants

>/s/ Holly E. Dowd
>Holly E. Dowd